# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

U.S.A. vs. Travanon Kenric Alexis                               Docket No. 5:07-CR-126-1BR

## Petition for Action on Supervised Release

COMES NOW Debbie W. Starling, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Travanon Kenric Alexis, who, upon an earlier plea of guilty to Forcibly Resist, Oppose, Impede, Intimidate and Interfere With an Officer or Employee of the United States, in violation of 18 U.S.C. § 111(a)(1), was sentenced by the Honorable W. Earl Britt, Senior U.S. District Judge, on January 7, 2008, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Travanon Kenric Alexis was released from custody on July 10, 2009, at which time the term of supervised release commenced.

On May 24, 2011, the defendant's conditions were modified to include 24 hours of community service as a sanction for drug use. On July 15, 2011, his conditions were modified to include cognitive behavioral therapy as an additional resource to prevent further drug use. On October 12, 2011, the court continued the defendant's supervision after he was charged with No Operator's License and Speeding.

Travanon Kenric Alexis
Docket No. 5:07-CR-126-1BR
Petition For Action
Page 2


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On October 14, 2011, the defendant was charged in Harnett County, North Carolina, with Assault on a Female and Resisting Public Officer (11CR54723). The probation officer spoke with the victim, the defendant's wife, on October 14, 2011, after the incident occurred. She advised that the defendant came home earlier in the evening and was intoxicated. A verbal altercation ensued which led to a physical altercation in which the defendant struck his wife in the mouth. She advised that she called 911 and when the police arrived, she requested that they only speak with him. When the police instructed the defendant to step outside the residence so they could discuss the matter, he refused, and was subsequently charged with resisting arrest. According to the arresting officer, if the defendant had complied with his orders, there may have been no charges lodged against him.

The defendant and his wife reported to the probation office on October 18, 2011. The defendant admitted that he had been consuming alcohol for approximately two weeks in an effort to deal with financial and family issues. His wife advised that she only wants the defendant to receive the help he needs and does not wish to have him return to prison, as this behavior was completely out of character for him. She advised that with five children in the home, she desperately needs the defendant in the home, and she has no concerns regarding their safety. The defendant has expressed a desire to undergo a mental health evaluation and any treatment as recommended. In an effort to more closely monitor any alcohol use, it is respectfully recommended that he participate in the Remote Alcohol Monitoring Program for a period not to exceed 90 days. The program will require a curfew to be imposed. The defendant will continue to participate in cognitive behavioral therapy and substance abuse counseling.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

2. The defendant shall adhere to a curfew from 8:00 pm to 4:30 am, or as directed by the probation officer for a period not to exceed 90 consecutive days. The defendant is restricted to his residence during the curfew hours.

Travanon Kenric Alexis
Docket No. 5:07-CR-126-1BR
Petition For Action
Page 3

3. The defendant shall abide by all terms and conditions of the Remote Alcohol Monitoring Program, as directed by the probation officer, for a period not to exceed 90 consecutive days. The defendant shall comply with the program procedures. The probation office will assume financial responsibility for the program fees.

   Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Robert L. Thornton | /s/ Debbie W. Starling |
| Robert L. Thornton | Debbie W. Starling |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 310 Dick Street |
| | Fayetteville, NC 28301-5730 |
| | Phone: (910) 483-8613 |
| | Executed On: October 24, 2011 |

### ORDER OF COURT

Considered and ordered this  24  day of  October , 2011, and ordered filed and made a part of the records in the above case.

_____
W. Earl Britt
Senior U.S. District Judge